THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. THE LONG ISLAND RAILROAD COMPANY,
APPELLANT.

*Flagman at railroad crossing — constitutionality of an order of court requiring it,
under chapter 439 of 1884.*

The provisions of chapter 439 of the Laws of 1884, authorizing the Supreme Court
or a County Court to order that a flagman be stationed at a railroad crossing upon
a street, highway, turnpike or plank-road, where the same is crossed at the same
level by a railroad, are not unconstitutional as delegating legislative power to
the judges of these courts.

APPEAL by the defendant, the Long Island Railroad Company,
from a judgment of conviction of the defendant, rendered Decem-
ber 4, 1889, under section 154 of the Penal Code, of a misdemeanor
under an indictment charging the Long Island Railroad Company
with the crime of willfully omitting to perform the duty of sta-
tioning a person or persons at or near gates erected across the
traveled roadways of Bridge and Water streets, in the village of
Sag Harbor, in the county of Suffolk, to open or close the same
when an engine or train passed or repassed between May first and
November first in each year.

The indictment further alleged that on or about the 10th day of
June, 1887, by order of the County Court of Suffolk county, dated
on that day, the defendant was required to perform certain duties
specified in such order which required the Long Island Railroad
Company to immediately erect gates across the traveled roadway of
Bridge street, on the southerly side of the main track of the said,
the Long Island Railroad Company, and also across the traveled
roadway or roadways of Water street, upon, or about upon, a line
in continuation of the westerly side of Bridge street, and that a
person or persons, from May first to November first in each year
be stationed by the said, the Long Island Railroad Company, at or
near said gates, to open and close the same when an engine or train
passed and repassed.

*E. B. Hinsdale*, for the appellant.

*Wilmot M. Smith*, district attorney, for the respondent.

DYKMAN, J.:

"At any point where a street, highway, turnpike, plank-road or traveled way is crossed at the same level by a railroad, or at any point where a horse railroad is crossed by a steam railroad, the Supreme Court or County Court may, upon the application of the local authorities, and upon ten days' notice to the railroad corporation whose road so crosses, order that a flagman be stationed at such point, or that gates shall be erected across such street, highway, turnpike or plank-road, and that a person be stationed to open and close such gates when an engine or train passes, or make such other order respecting the same as it deems proper. Such order shall only be made after the refusal or neglect of such corporation to station such flagman or erect such gates after having been requested so to do by such local authorities." (Laws of 1884, chap. 439, § 3.)

The Long Island Railroad Company operates a portion of its railroad through the village of Sag Harbor, and under the statute above recited the county judge of Suffolk county, on the 10th day of January, 1887, made an order requiring the Long Island Railroad Company to immediately erect gates across the traveled road-way of Bridge street, in that village, on the southerly side of the main track of the company, and also across the traveled road-way of Water street, in the same village, and to station a person or persons, from May first to November first in each year, at or near such gates, to open and close the same when an engine or train passed or repassed. The gates were erected in obedience to such order, but upon complaint of neglect and omission to operate the same an indictment was found by the grand jury of Suffolk county against the company for a willful omission to station a person at or near such gates to open and close them when engines and trains were passing. A trial was had under such indictment and the company was convicted and fined $500 for such offense. From that conviction the company has appealed. The indictment was based upon section 154 of the Penal Code, which is as follows:

"Where any duty is or shall be enjoined by law upon any public officer, or upon any person holding a public trust or employment, every willful omission to perform such duty, where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor."

The section of the law placed at the head of this opinion prescribes no penalty for disobedience of any order made by the county judge, and provides no method for its enforcement, and, therefore, so far as any order is made in pursuance of its provisions, imposing a duty upon any public officer, or any person or corporation holding a public trust or employment, obedience thereto must be enforced under section 154 of the Penal Code. Under such construction and application of the statutes, the indictment charges an offense and is sufficient to sustain the conviction.

The great objection raised to section 3 of the Laws of 1884 is that it delegates legislative power to the judges, and is, therefore, unconstitutional.

It is quite true that the duty of posting flagmen and placing gates at railway crossings can only be imposed by the legislature, but, as we understand the statute in question, it only provides a means to determine the necessity of a flagman or a gate at any particular place; and when such necessity is found by the judge the law requires their presence. In the same way the legislature must authorize the location and construction of railroads; but there is a statute which prohibits the construction of a railroad upon and along any highway without the order of the Supreme Court (Laws of 1864, chap. 582), but it has never been supposed that any legislative power was delegated to the court by that statute. Such laws are only designed to provide for a judicial determination of the cases in which legislative enactments shall have operation, or, in other words, to determine the necessity for such operation.

In relation to the indictment and the testimony we find both sufficient to sustain the conviction, which should be affirmed.

PRATT, J., concurred; BARNARD, P. J., dissenting.

Conviction and judgment affirmed.